UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ohane Jean-Philippe,

       Plaintiff,

      v.                                            **ORDER**
                                                          Civil No. 15-1182 ADM/LIB
United States of America,

       Defendant.

_____

No appearance on behalf of Plaintiff.

Friedrich A. Siekert, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Defendant.

_____

On June 26, 2015, this matter came on for hearing before the undersigned United States District Judge on Defendant United States of America's Motion to Dismiss [Docket No. 16]. No appearance was made on behalf of Plaintiff Ohane Jean-Philippe ("Jean-Philippe").

Jean-Philippe asserted claims against his former co-worker, Sally Cass, arising from alleged conduct that occurred during the scope of her employment at the St. Cloud Department of Veterans Affairs. The action was removed and the United States substituted Cass as the defendant in the matter pursuant to 28 U.S.C. § 2679(d). See Order [Docket No. 13].

The United States now moves for dismissal. In support, the United States argues that it cannot be sued without its consent under the doctrine of sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). Because Jean-Philippe's claims sound in tort and the United States is the defendant, his claims arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). FTCA guidelines, however, provide the exclusive waiver of sovereign immunity for tort actions against the United States. United States v. Testan, 424 U.S. 392, 399 (1976). According to that procedure, a personal injury claim must be first presented to the

appropriate federal agency before a federal court can exercise jurisdiction.  The statute reads:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . .

28  U.S.C. § 2675(a).

Jean-Philippe did not first pursue his claim with the appropriate federal agency.  As such, this Court lacks jurisdiction to proceed.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion to Dismiss [Docket No. 16] is **GRANTED**; and,

2.      The Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____ s/Ann D. Montgomery _____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 29, 2015.